Samuel J. Fortier, Esq.
Rachel B. Lauesen, Esq.
FORTIER & MIKKO, P.C.
1600 A Street, Suite 101
Anchorage, Alaska 99501
Ph: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortiermikko.com
Email: rlauesen@fortiermikko.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHERRY NELSON, as PERSONAL REPRESENTATIVE for THE ESTATE of HOWARD NELSON </br></br>  Plaintiff, </br></br> vs. </br></br> THE UNITED STATES OF AMERICA </br></br>  Defendants. | Case No. 3:16-cv-_____ |

## COMPLAINT

COMES NOW Plaintiff Sherry Nelson, as Personal Representative for the Estate of Howard Nelson, through counsel, and for her complaint, states and alleges as follows:

1. Sherry Nelson is the duly appointed personal representative of the Estate of Howard Nelson and is a resident of Igiugig, State of Alaska, located in the District of Alaska. Letters of Testamentary are attached hereto as Exhibit 1.

2. Howard Nelson was a resident of Levelock, State of Alaska at all times

material hereto, and is an Alaskan Native eligible for medical treatment through the Indian Health Service.

3. The United States of America, through its agency, the Bureau of Indian Affairs (hereinafter referred to as "BIA"), contracts with the Bristol Bay Area Health Corporation (hereinafter referred to as "BBAHC") and the Alaska Native Tribal Health Consortium ("ANTHC") under the authority of the Indian Self-Determination and Education Act of 1974, as amended (hereinafter referred to as the "ISDEA").

4. Upon information and belief, Dr. Julie Jacobs, Dr. Roger Johnson, Dr. Carey Terry, Dr. Jeffrey Westerfield and others (collectively "Doctors"), at all times material hereto, are physicians at the Kanakanak Hospital employed by the Indian Health Service through BBAHC and/or ANTHC.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this matter arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. Plaintiff has previously sought administrative adjustment of her claims pursuant to 28 U.S.C. § 2672, as against the Indian Health Services and the agency thereof has not acted upon the claims within six months of filing said claims. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

6. Plaintiff states and re-alleges the allegations contained in ¶ 1 through ¶ 5 as though fully set forth herein.

7. On or about May 7, 2013, Howard Nelson's wife, Glendora Nelson, called the Levelock Clinic and requested that Levelock Clinic Community Health Aide Carol Nicoli examine Howard Nelson at their home because Mr. Nelson could not get off the floor due to severe back lower back pain that originated in his shoulder approximately five days prior.

8. On May 7, 2013, under the supervision and direction of Dr. Jacobs, Health Aide Nicoli treated Mr. Nelson for lower back pain in the morning and afternoon with toradol injections and lorazepam. Health Aide Nicoli reported to Dr. Jacobs that Mr. Nelson was still not ambulatory and still experiencing severe pain, despite the medications.

9. On May 8, 2013, Health Aide Nicoli reported to Dr. Jacobs that Mr. Nelson could not get out of bed and was in severe pain, despite two toradol injections the day before. Mr. Nelson requested another toradol injection, but Dr. Jacobs prescribed Mr. Nelson five more lorazepam.

10. On May 8, 2013, Health Aide Nicoli advised Dr. Jacobs that she was scheduled to depart Levelock at 1 p.m. that day and her replacement had only completed one out of four sessions required to complete the Community Health Aide program.

11. Upon information and belief, from on or about the afternoon of May 8, 2013, to the afternoon of May 10, 2013, Mr. Nelson was not administered any controlled substances for pain relief until he was finally transported to the Kanakanak hospital in Dillingham, although Dr. Rogers and Dr. Terry both noted that Mr. Nelson complained of severe pain and was not ambulatory.

12. At the Kanakanak Hospital on May 10, 2013, Mr. Nelson received an incomplete evaluation at triage. Dr. Jacobs failed to order tests which would have revealed Mr. Nelson was suffering from a serious infection, and discharged Mr. Nelson back to Levelock without any treatment for his infection.

13. On May 20, 2013, Mr. Nelson was examined by a Community Health Aide, who noted that Mr. Nelson continued to experience severe back pain and had lost fifteen (15) pounds. The BBAHC doctor supervising the Community Health Aide did not review these records until May 24, 2013.

14. On May 21, 2013, a Community Health Aide noted Mr. Nelson was experiencing neurological problems, including confusion and disorientation. Dr. Westerfield was notified of Mr. Nelson's condition that day.

15. On May 22, 2013, a Community Health Aide noted Mr. Nelson was not eating and noted "He seems to be wasting away Dr. Stout – what can we do for him?" Dr. Stout read the record but, upon information and belief, never responded.

16. In the late evening of May 22, 2013/early morning of May 23, 2016, Mr. Nelson's family transported him from Levelock to Anchorage and to the emergency room at Alaska Native Medical Center (ANMC), where the emergency room conducted tests on Mr. Nelson and he was diagnosed with a severe infection to his organs and placed in the intensive care unit.

17. Mr. Nelson's infection was unable to be cured by the ANMC medical team and his condition worsened, including, but not limited to a stroke and renal failure, until June 7, 2013, when he was pronounced dead, leaving behind a wife, Glendora Nelson, who he provided for.

## **FIRST CAUSE OF ACTION (NEGLIGENCE)**

18. Plaintiff states and re-alleges the allegations contained in ¶ 1 through ¶ 17 as though fully set forth herein.

19. The Doctors and employees of Kanakanak Hospital and/or BBAHC owed a duty to Mr. Nelson to timely respond, evaluate and diagnose Mr. Nelson's condition before it became fatal, and to ensure Mr. Nelson had access to adequate health care and medications.

20. The Doctors and employees of Kanakanak Hospital and/or BBAHC failed to adequately respond, evaluate and diagnose Mr. Nelson's condition and failed to ensure Mr. Nelson had access to adequate health care and medications in a facility and

with medical staff that could treat his condition and thereby breached the duties owed to Mr. Nelson

21. The medical care and lack thereof, including, but not limited to the failure to conduct any tests, record any results and/or properly diagnose Mr. Nelson's condition fell below the standard of care required of physicians in Alaska.

22. As a direct and proximate cause of the Doctors and employees of Kanakanak Hospital and/or BBAHC breach of duty to Mr. Nelson, Mr. Nelson suffered great pain, both physical and mental, prior to his death and upon his death, his wife, Glendora Nelson, has lost her husband and provider of support both economically and non-economically.

23. The United States, acting through its Doctors and employees of Kanakanak Hospital and/or BBAHC, and their employer, the Indian Health Service, pursuant to the doctrine of respondeat superior, are liable to the Estate of Howard Nelson for damages in an amount to be established at trial herein.

WHEREFORE, Plaintiff prays for relief as follows:

1. For a money judgment against the defendant in an amount to be established upon the evidence at trial herein for the prolonged pain, suffering and then death of Howard Nelson and the loss to his wife of her husband and provider.

2. For Plaintiff's costs, interests and attorney's fees;

3. For such other and further relief as the court deems just and equitable in the premises.

Respectfully submitted this 15th day of August, 2016 at Anchorage, Alaska.

        FORTIER & MIKKO, P.C.
        Attorneys for Plaintiff

      By:__s/Samuel J. Fortier
        Samuel J. Fortier, Esq.
        FORTIER & MIKKO, P.C.
        1600 A Street, Suite 101
        Anchorage, Alaska 99501
        Ph: (907) 277-4222
        Fax: (907) 277-4221
        sfortier@fortiermikko.com
        Alaska Bar No. 8211115

      By:__s/ Rachel B Lauesen
        Rachel B. Lauesen, Esq.
        FORTIER & MIKKO, P.C.
        1600 A Street, Suite 101
        Anchorage, Alaska 99501
        Ph: (907) 277-4222
        Fax: (907) 277-4221
        rlauesen@fortiermikko.com
        Alaska Bar No. 0905016