Samuel J. Fortier, Esq.
Rachel B. Lauesen, Esq.
FORTIER & MIKKO, P.C.
1600 A Street, Suite 101
Anchorage, Alaska 99501
Ph: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortiermikko.com
Email: rlauesen@fortiermikko.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SHERRY NELSON, as PERSONAL REPRESENTATIVE for THE ESTATE of HOWARD NELSON, <br><br> Plaintiff, <br><br> Vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) Case No. 3:16-cv-00181-SLG ) ) ) |

**MOTION TO AMEND PRETRIAL SCHEDULING ORDER TO ALLOW
PLAINTIFF TO FILE HER AMENDED COMPLAINT**
**[Fed. R. Civ. P. 15(a) & 16(b)(4)]**

COMES NOW Sherry Nelson, as personal representative for the Estate of Howard Nelson, and hereby moves this Honorable Court for leave to file an amended complaint pursuant, to Fed. R. Civ. P. 15(a)&(b).

## STATEMENT OF FACTS

Mr. Nelson suffered extreme pain for weeks, dying on June 7, 2013, at the age of 49, as a result of negligent medical diagnosis and treatment at Bristol Bay Area Health Corporation's ("BBAHC") hospital and clinic. He is survived by his wife and son.

The Court's Scheduling and Planning Order lists the deadline for the parties to amend pleadings for April 30, 2017.[1] The Government previously certified to the Court that there were no preliminary motions as to jurisdiction that should be filed within 60 days.[2]

On May 23, 2017, the Government requested that Plaintiff non-oppose a motion to amend the Government's Answer on the basis that Dr. Julie Jacobs and Dr. Jeffrey Westerfield were *locum tenens* independent contractors and not employees of BBAHC.[3] The Government wanted to amend by adding an affirmative defense that the Government is not liable for care provided by independent contractors.[4]

Because the Government's February 24, 2017 Rule 26 initial disclosures did not disclose any evidence of *locum tenens* arrangement between Drs. Westerfield and Jacobs and BBAHC, Plaintiff requested the Government to provide documentary proof.[5] The Government provided documents on June 22, 2017.[6]

---

[1] Doc. 15 at p. 5.
[2] Doc. 14 at p. 5.
[3] Exhibit 1 to Affidavit of Counsel.
[4] *Id.*
[5] Affidavit of Counsel at ¶ 4.
[6] *Id.* at ¶ 5 and Exhibits 2 and 3 thereto.

*Nelson, et al. v. United States of America*
Motion to Amend
Page **2** of **8**
Case 3:16-cv-00181-SLG   Document 17   Filed 07/07/17   Page 2 of 8

The *locum tenens* agreement for Dr. Jacobs shows that Dr. Jacobs began providing medical care for BBAHC patients the day before she started treating Mr. Nelson and that BBAHC is required to provide clinical and professional direction and oversight over Dr. Jacobs.[7] The *locum tenens* agreement for Dr. Westerfield shows that Dr. Westerfield did not have a license to practice medicine in Alaska for the entire period of time he practiced medicine at Kanakanak hospital.[8]

On June 29, 2017, Plaintiff's counsel and defense counsel Sara Gray met and conferred.[9] Plaintiff offered to non-oppose the Government's motion to amend its Answer in exchange for the Government's agreement to non-oppose Plaintiff's motion to amend her Complaint.[10] Contrary to the Government's prior position that there were no preliminary motions as to jurisdiction that should be filed within 60 days,[11] Ms. Gray informed Plaintiff that she was just going to file a Motion for Summary Judgment on lack of subject matter jurisdiction.[12] However, the Government did not raise lack of subject matter jurisdiction as an affirmative defense in its Answer.[13]

As such, Ms. Nelson now moves this Court to amend her Complaint because the Government's Answer and its Civil Rule 26 report previously represented there was no jurisdictional challenge to the Complaint. Additionally, no evidence of independent

---

[7] Exhibit 2 at p. 3 (BBHC 4341).
[8] Exhibit 3 at pp. 5 & 6.
[9] Affidavit of Counsel at ¶ 7.
[10] *Id.*
[11] Doc. 14 at p. 5.
[12] Affidavit of Counsel at ¶ 8.
[13] Doc. 11.

contractor status of Dr. Jacobs and Dr. Westerfield was provided within the deadline for amending the Complaint under the Court's scheduling order.  As such, good cause has been demonstrated and justice so requires that Ms. Nelson be granted leave to amend her Complaint to add negligence claims on the theories of negligent retention and supervision of medical staff by Kanakanak Hospital and/or BBAHC.

## ARGUMENT

Federal R. Civ. P. 15(a)(2) prescribes that, "[t]he court should freely give leave" to amend "when justice so requires." In deciding "a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic."[14] However, "when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)."[15]  In those circumstances, the court may treat a motion to amend the complaint as a *de facto* motion to amend the scheduling order and determine whether the requisite good cause to amend the scheduling order has been demonstrated.[16]  Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.[17]

---

[14] *Alcan Forest Prod., LP v. A-1 Timber Consultants, Inc.,* 982 F. Supp. 2d 1016, 1027 (D. Alaska 2013) (citing, *Chodos v. W. Publ. Co.,* 292 F.3d 992, 1003 (9th Cir.2002) (affirming denial of leave to amend complaint);
[15] *Id.* (citing, *In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716, 736 (9th Cir.2013)).
[16] *Johnson v. Mammoth Recreations, Inc.,* 975 F. 2d 604, 609-610 (9th Cir. 1992).
[17] *Id.*

*Nelson, et al. v. United States of America*
Motion to Amend
Page **4** of **8**

In this case, Plaintiff <u>was</u> diligent, but had no way of ascertaining the accuracy of Defendant's denial of the employment status of two of the doctors named in the Complaint before the pretrial deadline for amending the pleadings had expired. In addition, the Government did not assert lacking subject matter jurisdiction as an affirmative defense in its Answer.[18] Plaintiff reasonably relied upon the Government's representation that there was no jurisdictional issue present in this case.[19] The Government also failed to provide the *tenens locum* agreements in its February 24, 2017 initial disclosures.[20] The agreements were not disclosed until June 22, 2017, after the deadline for amendment of the pleadings had passed.[21]

On June 29, 2017, Plaintiff offered to non-oppose the Government amending its Answer in exchange for the Government's agreement to allow Plaintiff to amend her Complaint.[22] Counsel for the Government declined and stated, despite lack of affirmative defense and contrary to representations to the Court in the Civil Rule 26(f) report, that she intended to file a motion for summary judgment on lack of subject matter jurisdiction.[23]

In *Wolcoff v. United States*, this Court held that the FTCA's waiver of sovereign immunity requires that any actionable breach of duty must arise from a breach of duty by

---

[18] Doc 11 (filed October 21, 2016).
[19] *See,* Doc. 14, Rule 26(f) Report of the Parties Planning Meeting (filed Feb. 10, 2017), at p. 5.
[20] Affidavit of Counsel at ¶ 4.
[21] *Id.* at ¶ 5.
[22] *Id.* at ¶ 7.
[23] *Id.* ¶ 8.

*Nelson, et al. v. United States of America*
Motion to Amend
Page **5** of **8**

employees of the government, and not from alleged negligence on the part of an independent contractor.[24] However, under Alaska law, a hospital owes an independent duty to its patients to use reasonable care to insure that physicians granted hospital privileges are competent, and to supervise the medical treatment provided by members of its medical staff.[25] Plaintiff moves to amend her Complaint to include causes of action against the United States for the negligent supervision, selection, training, and retention of physicians and medical staff by BBAHC and/or Kanakanak Hospital, the United States' government contractor under the Indian Self-Determination and Education Assistance Act.

Here, the deadline to amend pleadings expired only sixty days ago. The Government only recently disclosed the facts which support its contention that two of its doctors are independent contractors, which includes information that one of the *tenens locum* doctors was not licensed to practice medicine in the State of Alaska when he provided medical care to Mr. Nelson. Alaska law prohibits a person from practicing medicine unless the person is licensed by the State of Alaska.[26] The supplemented discovery also reveals that the other *tenens locum* physician, Dr. Julie Jacobs, had only started the day prior. Under Alaska law, a hospital owes an independent duty to its patients to use reasonable care to insure that physicians granted hospital privileges are

---

[24] *Wolcoff v. United States*, No. 3:08-CV-00032-SLG, 2012 WL 3838279, at *3 (D. Alaska Sept. 4, 2012), aff'd, 539 F. App'x 801 (9th Cir. 2013).
[25] *Fletcher v. S. Peninsula Hosp.,* 71 P.3d 833, 842 (Alaska 2003).
[26] AS 08.64.170.

*Nelson, et al. v. United States of America*
Motion to Amend
Page **6** of **8**
Case 3:16-cv-00181-SLG  Document 17  Filed 07/07/17  Page 6 of 8

competent, and to supervise the medical treatment provided by members of its medical staff.[27]

The Government's anticipated motion for summary judgment on subject matter jurisdiction is essentially a motion to amend its Civil Rule 26(f) report and its answer because it asserts a defense not previously raised and affirmatively disavowed. Given the recently disclosed evidence that the Government withheld, the absence of delay by Plaintiff, the short time frame since the pretrial deadline ended, and the lack of prejudice to the Government compared to the significant prejudice to the plaintiff if amendment is denied, the Court should find that Plaintiff has demonstrated good cause to amend her complaint and, accordingly, the pretrial deadline with respect to amendment of the pleadings.

## CONCLUSION

A plaintiff is not dilatory because she does not foresee a defense that the Government has failed to identify and disclose until after the pretrial deadline for amending pleadings has occurred. Moreover, the deadline only passed approximately sixty days ago. Since the recently disclosed evidence reveals that BBAHC and/or Kanakanak Hospital negligently placed patients and community health aides under the care of unsupervised doctors who were unlicensed to practice medicine in Alaska and/or inexperienced with the telemedicine and Alaska's rural health care system, Plaintiff should have her opportunity in court to demonstrate how this institutional negligence was

---

[27] *Fletcher v. S. Peninsula Hosp.,* 71 P.3d 833, 842 (Alaska 2003).

*Nelson, et al. v. United States of America*
Motion to Amend
Page **7** of **8**

a substantial factor in Mr. Nelson's death.  The Government is not prejudiced by the amendment, as the case has only recently begun.  As good cause exists to allow Plaintiff's amended complaint, the pretrial deadlines should be amended and leave to amend GRANTED.

Respectfully submitted this 7th day of July, 2017 at Anchorage, Alaska.

> FORTIER & MIKKO, P.C.
> Attorneys for Plaintiff
>
> By:   s/Samuel J. Fortier
>     Samuel J. Fortier, Esq.
>     FORTIER & MIKKO, P.C.
>     1600 A Street, Suite 101
>     Anchorage, Alaska 99501
>     Ph:  (907) 277-4222
>     Fax:  (907) 277-4221
>     sfortier@fortiermikko.com
>     Alaska Bar No. 8211115
>
> By:   s/ Rachel B Lauesen
>     Rachel B. Lauesen, Esq.
>     FORTIER & MIKKO, P.C.
>     1600 A Street, Suite 101
>     Anchorage, Alaska 99501
>     Ph:  (907) 277-4222
>     Fax:  (907) 277-4221
>     rlauesen@fortiermikko.com
>     Alaska Bar No. 0905016

CERTIFICATE OF SERVICE
I hereby certify that on the 7th day of
July, 2017, a true and accurate copy
of the foregoing and attachments were
sent to the following via the U.S. District
Court's CM/ECF filing system:

Richard Pomeroy

   s/Samuel J. Fortier

*Nelson, et al. v. United States of America*
Motion to Amend
Page **8** of **8**
Case 3:16-cv-00181-SLG   Document 17   Filed 07/07/17   Page 8 of 8