Samuel J. Fortier, Esq.
Rachel B. Lauesen, Esq.
FORTIER & MIKKO, P.C.
1600 A Street, Suite 101
Anchorage, Alaska 99501
Ph: (907) 277-4222
Fax: (907) 277-4221
Email: sfortier@fortiermikko.com
Email: rlauesen@fortiermikko.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHERRY NELSON, as PERSONAL REPRESENTATIVE for THE ESTATE of HOWARD NELSON | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:16-cv-00181-SLG ) ) |
| THE UNITED STATES OF AMERICA | ) ) |
| Defendants. | ) ) ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff Sherry Nelson, as Personal Representative for the Estate of Howard Nelson, through counsel, and for her Amended Complaint, states and alleges as follows:

1.      Sherry Nelson is the duly appointed personal representative of the Estate of Howard Nelson and is a resident of Igiugig, State of Alaska, located in the District of Alaska. Letters of Testamentary are attached hereto as Exhibit 1.

2.      Howard Nelson was a resident of Levelock, State of Alaska at all times material hereto, and is an Alaskan Native eligible for medical treatment through the Indian Health Service ("IHS").

3.      The United States of America, through its agency, the Department of Health and Human Services ("DHHS"), IHS, contracts with the Bristol Bay Area Health Corporation (hereinafter referred to as "BBAHC") and the Alaska Native Tribal Health Consortium ("ANTHC") under the authority of the Indian Self-Determination and Education Act of 1974, as amended (hereinafter referred to as the "ISDEA").

4.      BBAHC owns and operates the Kanakanak Hospital located in Dillingham, Alaska.

5.      Upon information and belief, Dr. Julie Jacobs, Dr. Roger Johnson, Dr. Carey Terry, Dr. Jeffrey Westerfield and others (collectively "Doctors"), at all times material hereto, are physicians at the Kanakanak Hospital employed or contracted through IHS by BBAHC and/or ANTHC.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this matter arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Plaintiff has previously sought administrative adjustment of her claims pursuant to 28 U.S.C. § 2672, as against the Indian Health Services and the agency thereof has not acted upon the claims within six months of filing said claims.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff states and re-alleges the allegations contained in ¶ 1 through ¶ 6 as though fully set forth herein.

8.      Upon information and belief, at all relevant times, Dr. Julie Jacobs was a *locum tenens* physician at Kanakanak Hospital specializing in family medicine. According to the *locum tenens* agreement, effective May 6, 2013, BBAHC and/or Kanakanak Hospital had a duty to provide Dr. Jacobs with a suitable work environment in accordance with her specialty and to supervise Dr. Jacobs by providing clinical and professional direction and oversight over her.

9.      Upon information and belief, Dr. Jeffrey Westerfield was, at all relevant times, a physician at Kanakanak hospital from April 9, 2013 through June 21, 2013, specializing in family medicine.  However, Dr. Jeffrey Westerfield was not licensed to practice medicine in the State of Alaska until July 3, 2013.

10.      Upon information and belief, both Dr. Jacobs and Dr. Westerfield had little to no experience with telemedicine and/or working with Community Health Aides in rural Alaska village clinics and/or Alaska Native patients residing in villages, many roadless miles distant from Kanakanak Hospital.

11.      Upon information and belief, Dr. Jacobs and Dr. Westerfield had little to no experience and knowledge about the different levels of medical care available at the different medical facilities available within the ANTHC/IHS system.

Case 3:16-cv-00181-SLG   Document 31   Filed 09/06/17   Page 3 of 9

12.     Upon information and belief, BBAHC and/or the Kanakanak Hospital had actual or constructive knowledge that Drs. Westerfield and Jacobs lacked proper credentialing and/or experience and/or competence with patients like Mr. Nelson and Alaska's IHS system as described in ¶¶ 8-11 hereto.

13.     On or about May 7, 2013, Howard Nelson's wife, Glendora Nelson, called the Levelock Clinic and requested that Levelock Clinic Community Health Aide Carol Nicoli examine Howard Nelson at their home because Mr. Nelson could not get off the floor due to severe back lower back pain that originated in his shoulder approximately five days prior.

14.     On May 7, 2013, Health Aide Nicoli treated Mr. Nelson for lower back pain in the morning and afternoon with toradol injections and lorazepam.  Health Aide Nicoli reported to Dr. Jacobs that Mr. Nelson was still not ambulatory and still experiencing severe pain, despite the medications.

15.     On May 8, 2013, Health Aide Nicoli reported to Dr. Jacobs that Mr. Nelson could not get out of bed and was in severe pain, despite two toradol injections the day before.  Mr. Nelson requested another toradol injection, but Dr. Jacobs prescribed Mr. Nelson five more lorazepam.

16.     On May 8, 2013, Health Aide Nicoli advised Dr. Jacobs that she was scheduled to depart Levelock at 1 p.m. that day and her replacement had only completed one out of four sessions required to complete the Community Health Aide program.

17.     Upon information and belief, from on or about the afternoon of May 8, 2013, to the afternoon of May 10, 2013, Mr. Nelson was not administered any controlled substances for pain relief until he was finally transported to the Kanakanak hospital in Dillingham, although Dr. Rogers and Dr. Terry both noted that Mr. Nelson complained of severe pain and was not ambulatory.

18.     At the Kanakanak Hospital on May 10, 2013, Mr. Nelson received an incomplete evaluation at triage.  Dr. Jacobs, who did not specialize in emergency medicine, failed to order tests which would have revealed Mr. Nelson was suffering from a serious infection, and discharged Mr. Nelson back to Levelock without any treatment for his infection.

19.     On May 20, 2013, Mr. Nelson was examined by a Community Health Aide, who noted that Mr. Nelson continued to experience severe back pain and had lost fifteen (15) pounds.  The BBAHC doctor supervising the Community Health Aide did not review these records until May 24, 2013.

20.     On May 21, 2013, a Community Health Aide noted Mr. Nelson was experiencing neurological problems, including confusion and disorientation.  Dr. Westerfield was notified of Mr. Nelson's condition that day.

21.     On May 22, 2013, a Community Health Aide noted Mr. Nelson was not eating and noted "He seems to be wasting away Dr. Stout – what can we do for him?" Dr. Stout read the record but, upon information and belief, never responded.

Case 3:16-cv-00181-SLG   Document 31   Filed 09/06/17   Page 5 of 9

22.     In the late evening of May 22, 2013/early morning of May 23, 2016, Mr. Nelson's family transported him from Levelock to Anchorage and to the emergency room at Alaska Native Medical Center (ANMC), part of the ANTHC/IHS medical system, where the emergency room conducted tests on Mr. Nelson and he was diagnosed with a severe infection to his organs and placed in the intensive care unit.

23.     Mr. Nelson's infection was unable to be cured by the ANMC medical team and his condition worsened, including, but not limited to a stroke and renal failure, until June 7, 2013, when he was pronounced dead, leaving behind a wife, Glendora Nelson, who he provided for.

## FIRST CAUSE OF ACTION (NEGLIGENCE)

24.     Plaintiff states and re-alleges the allegations contained in ¶ 1 through ¶ 23 as though fully set forth herein.

25.     BBAHC and/or the Kanakanak Hospital owe an independent duty of care to Mr. Nelson to select physicians that have proper experience and credentialing, to provide care to patients seeking medical care from Kanakanak hospital or rural clinics supervised by Kanakanak hospital physicians, and to ensure that these physicians were properly trained in telemedicine and distant diagnosis and treatment.

26.     BBAHC and/or Kanakanak Hospital owed a duty to its patients, including Mr. Nelson, to use reasonable care, including the implementation and enforcement of adequate of internal policies and procedures, to ensure the Doctors granted hospital privileges were properly licensed, are competent and to supervise the medical treatment

Case 3:16-cv-00181-SLG   Document 31   Filed 09/06/17   Page 6 of 9

provided by the members of its medical staff.

27.     The Doctors and employees of Kanakanak Hospital and/or BBAHC owed a duty to Mr. Nelson to timely respond, evaluate and diagnose Mr. Nelson's condition before it became fatal, and to ensure Mr. Nelson had access to adequate health care and medications.

28.     The Doctors and employees of Kanakanak Hospital and/or BBAHC failed to adequately respond, evaluate and diagnose Mr. Nelson's condition and failed to ensure Mr. Nelson had access to adequate health care and medications in a facility and with medical staff that could treat his condition and thereby breached the duties owed to Mr. Nelson.

29.     BBAHC and/or Kanakanak Hospital breached a duty of care it owed to Mr. Nelson when it failed to properly train and supervise its Doctors and employees to ensure that Mr. Nelson received adequate treatment, diagnosis, and evaluation.

30.     BBAHC and/or Kanakanak Hospital breached a duty of care owed to Mr. Nelson when failed to ensure that its medical providers were licensed and competent to practice medicine by the State of Alaska before BBAHC and/or Kanakanak Hospital allowed the physician to practice medicine on Mr. Nelson.

31.     BBAHC and/or Kanakanak Hospital had actual or constructive notice that its policies and procedures for hiring, supervision, credentialing, and training of its hospital staff were either defective, inadequate, or not complied with, and BBAHC

and/or Kanakanak Hospital knew that such defects, inadequacies, and noncompliance would cause harm to its patients like Mr. Nelson.

32.     The breaches of care by Kanakanak Hospital and/or BBAHC to properly hire, train, and supervise medical staff, including physicians retained *locum tenens*, is a direct and proximate cause of the quality of medical care (or lack thereof) that Mr. Nelson received at Levelock clinic and Kanakanak hospital, including, but not limited to, the failure to conduct any tests, record any results and/or properly diagnose Mr. Nelson's condition.  The level of medical care provided to Mr. Nelson fell below the standard of care required of Hospitals, clinics, and medical staff in Alaska.

33.     As a direct and proximate cause of Kanakanak Hospital and/or BBAHC, and the Doctors and employees of Kanakanak Hospital and/or BBAHC, breaches of duty occurred to Mr. Nelson, and Mr. Nelson suffered great pain, both physical and mental, prior to his death and upon his death, his wife, Glendora Nelson, has lost her husband and provider of support both economically and non-economically.

34.     The United States, acting through its ISDEA contractor Kanakanak Hospital and/or BBAHC and its Doctors and employees of Kanakanak Hospital and/or BBAHC, and their employer, the Indian Health Service are liable to the Estate of Howard Nelson for damages in an amount to be established at trial herein directly and through the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for relief as follows:

1.     For a money judgment against the defendant in an amount to be established

upon the evidence at trial herein for the prolonged pain, suffering and then death of Howard Nelson and the loss to his wife of her husband and provider.

2.      For Plaintiff's costs, interests and attorney's fees;

3.      For such other and further relief as the court deems just and equitable in the premises.

Respectfully submitted this 6th day of September, 2017 at Anchorage, Alaska.

FORTIER & MIKKO, P.C.
Attorneys for Plaintiff

By:   s/Samuel J. Fortier
        Samuel J. Fortier, Esq.
        FORTIER & MIKKO, P.C.
        1600 A Street, Suite 101
        Anchorage, Alaska 99501
        Ph:  (907) 277-4222
        Fax:  (907) 277-4221
        sfortier@fortiermikko.com
        Alaska Bar No. 8211115

By:   s/ Rachel B Lauesen
        Rachel B. Lauesen, Esq.
        FORTIER & MIKKO, P.C.
        1600 A Street, Suite 101
        Anchorage, Alaska 99501
        Ph:  (907) 277-4222
        Fax:  (907) 277-4221
        rlauesen@fortiermikko.com
        Alaska Bar No. 0905016

CERTIFICATE OF SERVICE
I hereby certify that on the 6th day of
September, 2017, a true and accurate copy
of the foregoing and attachments were
sent to the following via the U.S. District
Court's CM/ECF filing system:

Richard Pomeroy

    s/Samuel J. Fortier

*The Estate of Howard Nelson v. United States of America*, Case No 3:16-cv-00181-SLG
Amended Complaint
Page 9 of 9