# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SHERRY NELSON, as PERSONAL REPRESENTATIVE for ESTATE OF HOWARD NELSON,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:16-cv-00181-SLG

## ORDER RE MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Sovereign Immunity) at Docket 29. The motion is fully briefed.[1] Oral argument was not requested and not necessary to the Court's decision.

On July 7, 2017, Sherry Nelson filed a Motion to Amend the First Amended Complaint.[2] On August 25, 2017, the Government filed the Motion to Dismiss Ms. Nelson's First Amended Complaint.[3] The Court granted Ms. Nelson's Motion to Amend on September 5, 2017.[4] Ms. Nelson then filed a Second Amended Complaint on

---

[1] *See* Docket 32 (Opp.); Docket 36 (Reply).

[2] Docket 17 (First Am. Compl.).

[3] Docket 29.

[4] Docket 30 (Order). The September order was incorrect insofar as it stated that the Federal Tort Claims Act's statute of limitations is jurisdictional and cannot be waived. *See* Docket 30 at 11 (citing *Rooney v. United States*, 634 F.3d 1238, 1242 (9th Cir. 1982)). Recent United States Supreme Court authority has established that the statute's time limitations are not jurisdictional and may be equitably tolled. *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015).

September 6, 2017.[5] Ms. Nelson asserts in her opposition that because she filed a Second Amended Complaint, the Motion to Dismiss is moot.[6]

In *Ramirez v. County of San Bernardino*, the Ninth Circuit addressed whether an amended complaint moots a previously filed motion to dismiss.[7] In *Ramirez*, the plaintiff's first amended complaint was filed pursuant to a stipulation between the parties.[8] The defendants then filed a motion to dismiss the first amended complaint, which the plaintiff did not oppose within the required 21-day period; nor did the plaintiff file a statement of non-opposition. After the 21-day period had lapsed, the plaintiff attempted to file a second amended complaint, but the court granted the defendants' motion to dismiss without leave to amend. The Ninth Circuit reversed, holding that because the first amended complaint was filed by stipulation, the plaintiff could have filed a second amended complaint without permission of the court pursuant to Federal Rule of Civil Procedure 15(a)(1).[9]

Because the Ninth Circuit held that the plaintiff was entitled to file a second amended complaint, the Ninth Circuit considered the effect of that filing on the motion to dismiss as follows:

> [T]he Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to

---

[5] Docket 31 (Second Am. Compl.).

[6] Docket 32 at 2.

[7] 806 F.3d 1002 (9th Cir. 2015).

[8] *Id.* at 1004.

[9] *Id.* at 1007.

Case No. 3:16-cv-00181-SLG, *Nelson v. United States*
Order re Motion to Dismiss
Page 2 of 3

Case 3:16-cv-00181-SLG   Document 39   Filed 12/12/17   Page 2 of 3

dismiss should have been deemed moot before the district court granted it.[10]

In this case, this Court granted permission to Ms. Nelson to file a second amended complaint, which she filed after the Government filed its Motion to Dismiss. Therefore, the First Amended Complaint has "ceased to exist" and is "no longer in effect." Because the Government's Motion to Dismiss requests this Court to dismiss Ms. Nelson's First Amended Complaint, Defendant's Motion to Dismiss for Lack of Jurisdiction (Sovereign Immunity) at Docket 29 is hereby DENIED as moot.[11]

DATED this 12th day of December, 2017.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] *Id.* at 1008.

[11] The Government asserts that the Court should determine the motion because Ms. Nelson's claims against Dr. Julie Jacobs and Dr. Jeff Westerfield in her Second Amended Complaint and her First Amended Complaint are the same. Docket 36 at 8. In the Government's view, "the Court should determine now that Dr. Jacobs and Dr. Westerfield are independent contractors so that the parties can proceed with discovery." Docket 36 at 9. However, it appears that the parties do not agree on whether Dr. Jacobs and Dr. Westerfield were independent contractors or employees during the period in question. *See* e.g., Docket 32 (Opp.) at 6-7. The affidavits attached to the Government's Reply cannot be considered on a motion to dismiss; rather, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Therefore, it would appear that it may be more efficient for the parties to proceed with d discovery and, if later warranted, the Government may raise this issue by filing a motion for summary judgment pursuant to Rule 56.

Case No. 3:16-cv-00181-SLG, *Nelson v. United States*
Order re Motion to Dismiss
Page 3 of 3

Case 3:16-cv-00181-SLG   Document 39   Filed 12/12/17   Page 3 of 3